**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GREGORY BILLINGSLEY,** | § | |
| **MATTHEW BLANN, CODY** | § | |
| **HOPKINS,** on behalf of themselves and all | § | |
| others similarly situated**,** | § | |
| | § | **Civil Action No. 5:20-cv-91** |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **Jury Demanded** |
| **ACCEL LOGISTICS, INC.** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated file this Original Collective Action Complaint, and states:

### I.      SUMMARY

1.      This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* Plaintiffs routinely worked in excess of 40 hours per week on Defendant's behalf but were not paid lawfully for doing so because Defendant failed to pay Plaintiffs at the required rate for hours worked in excess of 40 hours per week.  Plaintiffs file this suit on behalf of themselves and all other similarly-situated former and current workers. Defendant's actions in failing to pay Plaintiffs and its other workers overtime in violation of the FLSA were "willful." Plaintiffs seek recovery of unpaid overtime wages, liquidated damages, and attorney's fees incurred in bringing this suit for a period beginning three years prior to the filing of this lawsuit.

## II.      PARTIES

2.      Plaintiffs Billingsley, Blann, and Hopkins ("Plaintiffs") are individuals and their Consents to proceed in this action are attached as "Exhibit A."

3.      Plaintiffs and "Class Members" are Defendant's current and former field supervisors (or individuals who performed similar duties under distinct titles) who were paid a salary for all hours worked and were not paid overtime compensation despite working overtime.

4.      Defendant Accel Logistics, Inc. ("Accel") is a corporation registered in Texas with a principal place of business in Texas and can be served with process through its registered agent, Raul Castillo, at 2234 Commerce Dr., Arlington, Texas 76103.

## III.      JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction because Plaintiffs have asserted claims arising under federal law. 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

6.      Venue is proper in this district because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district. 28 U.S.C. § 1391(b)(2).

## IV.      COVERAGE

7.       At all material times, Defendant acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and the Class Members.

8.      At all times hereinafter mentioned, Defendant was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9.      At all times hereinafter mentioned, Defendant was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). At all times hereinafter mentioned, Defendant was

an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and currently has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10.     At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.     FACTUAL ALLEGATIONS

11.     Defendant owns and operates an oilfield services company that operates in this District and throughout Texas and does more than $500,000.00 in business per year.

12.     Plaintiffs and Class Members worked as "field supervisors" for Defendant at various job sites in this District and throughout Texas.

13.     Despite being called "supervisors," Plaintiffs and Class Members did not have any hiring or firing authority nor were their suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees given particular weight.

14.     Despite being called "supervisors," Plaintiffs and Class Members did not exercise independent discretion with respect to matters of significance. Instead, the field supervisors applied well-established procedures to perform their jobs and were not permitted to deviate from these established standards.

15.     Plaintiffs and Class Members routinely worked far in excess of 40 hours per week but were only paid a salary because Defendant wrongly treated them as exempt from the FLSA, which they are not.

16.     Defendant knew that Plaintiffs and Class Members worked in excess of 40 hours per week because Defendant directed them to do so.

17.     Plaintiffs and Class Members are entitled to receive overtime pay for all hours worked in excess of 40 hours per work week. Defendant was aware of the FLSA's requirements and chose not to pay Plaintiffs and Class Members lawfully.

## VI.      COLLECTIVE ACTION ALLEGATIONS

18.     Plaintiffs and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek.  Specifically, Plaintiffs and Class Members were all paid a set salary and not paid for their overtime hours worked. Accordingly, Class Members who were victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiffs.

19.     In addition to Plaintiffs, Accel employed several other field supervisors within the past three years. These other field supervisors performed job duties similar to the field supervisor duties performed by Plaintiffs. Accel paid all its field supervisors a salary with no overtime pay, the same pay system that Accel applied to Plaintiffs. Therefore, the Class Members are similarly situated to Plaintiffs.

20.     Defendant's failure to pay Plaintiffs and Class Members at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**                              **Page - 4**

circumstances of the Class Members. Thus, Plaintiffs' experiences are typical of the experiences of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week and lawful minimum wage. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and the Class Members.

21.    Defendant knowingly, willfully, or with reckless disregard carried out this illegal pattern or practice of failing to pay overtime compensation and minimum wage with respect to Plaintiffs and Class Members.

22.    The Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

23.    Absent this action, many members of the Class Members likely will not obtain redress of their injuries and Accel will retain the proceeds of the FLSA violations.

24.    The Class Members consist of "all current and former field supervisors who were employed by Accel Logistics and who were not paid overtime compensation for hours worked over 40 in any workweek during the three-year period preceding the filing of this complaint."

## VII.    CAUSE OF ACTION: FLSA OVERTIME VIOLATION

25.    During the relevant period, Defendant violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular

rates for which they were employed or by failing to pay minimum wages to such employees. Defendant acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

26.     Plaintiffs and Class Members specifically plead recovery for the preceding 3-year period.

27.     Because Accel did not make a good faith effort to comply with the requirements of 29 U.S.C. § 260, Plaintiffs and Class Members are entitled to liquidated damages.

28.     Plaintiffs and Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## VIII.   RELIEF SOUGHT

29.     WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendant as follows:

      a.     For an Order allowing this action to proceed as a collective action under the FLSA and directing notice to Class Members;

      b.     For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join in the suit);

      c.     For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

      d.     For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

      e.     For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

     f.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ J. Forester*
**J. Forester,** *Co-Counsel*
Texas Bar No. 24087532
**Meredith Mathews**, *Co-Counsel*
Texas Bar No. 24055180
**FORESTER HAYNIE, PLLC**
400 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
(214) 346-5909 fax
jay@foresterhaynie.com
mmathews@foresterhaynie.com

**Shane McGuire,** *Lead Counsel* **
State Bar No. 24055940
**Daniel A. Cook,** *Co-Counsel* **
State Bar No. 24055940
**THE MCGUIRE FIRM, PC**
102 N. College St., Suite 301
Tyler, Texas 75702
Phone: 903-630-7154
Fax: 903-630-7147
shane@mcguirefirm.com
daniel@mcguirefirm.com

**Application for Admission Forthcoming

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

     This is to certify that a true and correct copy of the foregoing document will be served on Defendants with the Summons.

*/s/ J. Forester*
**J. Forester**